IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-MC-3883-WKW |
| | ) | |
| TONYA TAYLOR-WATSON, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HERNDON OIL CORPORATION, | ) | |
| | ) | |
| Garnishee. | ) | |

## **ORDER TO GARNISHEE**

Upon consideration of the United States's Motion for Entry of Final Disposition Order (Doc. # 8), it is ORDERED that the motion is GRANTED. A Writ of Garnishment has been issued and served upon the Garnishee. In its answer, the Garnishee represents that it will withhold Defendant's wages on a weekly basis "as required by law." (Doc. # 4, at 1.) Neither the United States nor Defendant has filed a written objection to the answer or requested a hearing within the time prescribed. *See* 28 U.S.C. § 3205(c)(5).

Accordingly, it is ORDERED as follows:

(1) Garnishee, Herndon Oil Corporation, shall withhold 25% from Defendant Tonya Taylor-Watson disposable earnings each week and shall promptly remit the identified nonexempt funds every pay period to the Clerk of the Court, One Church Street, Suite B-110, Montgomery, AL 36104; and

(2) The Clerk of the Court shall apply these funds to the restitution balance owed by the Defendant, Tonya Taylor-Watson.

It is further ORDERED that, pursuant to 28 U.S.C. § 3205(c)(10), this garnishment shall remain in effect until satisfaction of the debt owed to Plaintiff, until Defendant ceases employment with the Garnishee (unless the Garnishee reinstates or reemploys Defendant within 90 days after Defendant's dismissal or resignation), or by order of this court quashing the Writ of Garnishment.

Upon termination of the Writ of Garnishment as outlined above and as required by 28 U.S.C. § 3205(c)(9)(B), Plaintiff shall make a cumulative accounting of all property it receives under the Writ of Garnishment to the Garnishee and Defendant within fourteen days after the garnishment terminates. Within fourteen days of receipt of such accounting, Defendant and/or Garnishee may file a written objection to the accounting, stating its grounds for objection, and request a hearing. The court shall hold a hearing on any such objection within fourteen days after it is filed, or as soon thereafter as is practicable.

The Clerk of the Court is DIRECTED to administratively close this action subject to reopening for good cause shown. The administrative closure does not affect the validity of the continuing Writ of Garnishment.

DONE this 12th day of September, 2019.

/s/ W. Keith Watkins  
CHIEF UNITED STATES DISTRICT JUDGE